**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TYESHA N. ISOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-2853 (UNA) |
| | ) | |
| TEXAS STATE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

Plaintiff, a Texas resident, finds fault with State government agencies and employees charged with the care of her minor child. Suffice it to say plaintiff disapproves of the quality of services provided, flatly dislikes the worker assigned to the case, and disagrees with the worker's position that the child not be placed with plaintiff. *See* Compl. at 4-7 (page numbers designated by CM/ECF). Plaintiff demands that this worker be removed from the case and that her supervisor "seek mental health support" for allowing the worker "to still work when using foul language and feeling endangered." *Id*. at 7.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a

1

citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Notwithstanding plaintiff's bald assertion that her "civil rights [were] violated," Compl. at 7, the complaint alleges no facts establishing federal question jurisdiction.  There are no facts establishing diversity jurisdiction either.  All the parties appear to reside or conduct business in Texas, and plaintiff does not indicate an amount in controversy.  And to the extent plaintiff demands an award of custody of her child, federal district courts lack jurisdiction to grant such relief.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (concluding "that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or resolv[ing] parental conflicts over the custody of their children").

Because subject matter jurisdiction is wanting, the Court must dismiss this case.  *See* Fed. R. Civ. P. 12(h)(3).  An Order is issued separately.

DATE: October 19, 2023                              JIA M. COBB
                                                    United States District Judge